IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARKEY MILLS and** | : | **CIVIL ACTION** |
| **KATRINA MILLS** | : | |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES DEPARTMENT OF** | : | |
| **HEALTH AND HUMAN SERVICES and** | : | |
| **MARQUELLE MIDDLETON** | : | **08-3409** |

**MEMORANDUM AND ORDER**

**NORMA L. SHAPIRO, S.J.**                                                      **DECEMBER 9, 2008**

Plaintiffs Markey and Katrina Mills seek to recover under the Federal Tort Claims Act ("FTCA"), 28 U.S.C § 2671 et seq., for injuries sustained in a collision with a stolen government automobile; plaintiffs allege defendants negligently allowed the government automobile to be stolen by the driver who caused their injuries.

Defendant Marquelle Middleton will be dismissed for lack of subject matter jurisdiction. U.S. Department of Health and Human Services' motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) will be granted because Pennsylvania tort law will not allow the plaintiffs to recover against a similarly situated private employer.

I.      **FACTS AND PROCEDURAL HISTORY**

Defendant Marquelle Middleton is an employee of defendant U.S. Department of Health and Human Services ("HHS"), and he drove a government owned Oldsmobile Alero in the course of his employment. On or before July 21, 2006, Middleton parked the HHS Alero in a Philadelphia neighborhood known as a high crime area. Middleton left the doors unlocked with

the keys in the ignition in plain view. A third party, Jason Walker, stole the car.

On July 21, 2006, Plaintiffs Markey and Katrina Mills were driving near the intersection of Cumberland and North 11th Street in Philadelphia. Walker, driving the stolen car and in pursuit by police, ran a red light at the intersection and collided with the Mills' car. Plaintiffs both sustained serious injuries as a result.

On May 31, 2007, plaintiffs sent notice of their claim to defendant HHS and received no response within the following six months. Having properly exhausted their administrative claim as required by the Federal Tort Claims Act, 28 U.S.C. § 2675(a), plaintiffs filed this action on July 21, 2008.[1] Presently before the court is defendants' motion to dismiss plaintiffs' amended complaint under Fed. R. Civ. Pro. 12(b)(6).

## II. JURISDICTION

Although defendant Middleton has not moved formally to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1), the court must do so *sua sponte* if subject-matter jurisdiction is lacking. Fed. R. Civ. Pro. 12(h)(3).

The United States is the only defendant against whom the FTCA creates a cause of action; the FTCA itself does not apply to individual employees. 28 U.S.C. § 2674. Nor can plaintiffs simply join Middleton as an individual defendant, since they have not pleaded an independent jurisdictional basis for doing so. The FTCA's counterpart jurisdictional statute, 28 U.S.C. 1346(b), only provides jurisdiction over claims directly against the United States, and the

---

[1] The plaintiffs first failed to plead administrative exhaustion, for which the court dismissed their complaint without prejudice on November 3, 2008. The plaintiffs, timely filing an amended complaint on November 12, 2008, properly plead administrative exhaustion.

FTCA itself does not create an implied additional federal cause of action against negligent government employees See Morris v. U.S., 521 F.2d 872, 874-75 (9th Cir. 1975). The FTCA also forecloses a civil suit in state or federal court against a federal employee for acts committed within the scope of employment. 28 U.S.C. § 2679(b).[2] Plaintiffs' claim against Middleton will be dismissed.

### III. DISCUSSION

When ruling on a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3rd Cir. 2002). A claim will survive a motion to dismiss if it pleads "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." Phillips v. County of Alleghany, 515 F.3d 224, 234 (3rd Cir. 2008). "That is to say, there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

Under the Federal Tort Claims Act ("FTCA"), "[t]he United States is liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The U.S. is only liable for employees' conduct in situations where respondeat superior would apply. See Wood v. U.S., 995 F.2d 1122, 1125 (1st Cir. 1993) (overturned on other grounds by Osborn v. Haley, 549 U.S. 225 (2007)). If a private employer would not be liable in

---

[2]Exceptions to § 2679(b)'s preclusion of civil claims against federal employees for acts committed in the course of employment do not apply here.

tort for its employees' conduct, neither will the United States under the FTCA.

"Because the liability of the United States under the FTCA is determined by the law of the state where the allegedly tortious act occurred, . . . we will look to the state courts to determine how to resolve the underlying legal issues." DeJesus v. U.S. Dept. of Veterans Affairs, 479 F.3d 271, 279 (3rd Cir. 2007). Federal common-law rules for determining governing state law, under Erie Railroad Co. v. Tompkins, 204 U.S. 64 (1938), evolved primarily to guide courts deciding diversity actions. However, Erie interpreted the Rules of Decision Act ("RDA"), 28 U.S.C. § 1652, to govern all federal actions applying state law, including claims under the FTCA.[3] See Commissioner of Internal Revenue v. Bosch, 387 U.S. 456, 465 (1967) (determining federal tax liability depended on a resolution of state law). Under the RDA, a federal court using state law as its rule of decision must look first to the law as declared by that state's statutes or highest court. Erie, 204 U.S. at 78; Gruber v. Owens-Illinois Inc., 899 F.2d 1366, 1369 (3rd Cir.1990).

The entire chain of events upon which plaintiffs base their complaint occurred in Pennsylvania and Pennsylvania law would clearly govern liability were this a private action. Whether the owner of a vehicle whose employee's negligence results in that vehicle being stolen can be held liable for injuries caused by the driver of the stolen vehicle is determined by two Pennsylvania Supreme Court decisions, Anderson v. Bushong Pontiac Co., Inc., 171 A.2d 771 (Pa. 1961) and Liney v. Chestnut Motors, Inc., 218 A.2d 336 (Pa. 1966).

In Anderson, a minor stole the keys to a car on a used-car lot. The lot owner reported the

---

[3] The RDA itself, 28 U.S.C. § 1652, states in full: "The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."

theft to the police that same day but failed to remove the car from the lot or take other steps to render it inoperable. The owner kept the cars on his lot unlocked, and he knew the thief and his friends had regularly played on the lot. Two days after stealing the keys, the thief came back, stole the car, drove the car in an extremely unsafe fashion and hit a pedestrian, causing serious injuries.

The Pennsylvania Supreme Court, reversing the lower court's dismissal of the pedestrian's action against the car lot owner, held that the defendant could have foreseen the injury to the plaintiff. Anderson, 171 A.2d at 772 - 773. Since the owner could have foreseen the thief would likely harm pedestrians, the fact that the thief was a "superseding cause" did not necessarily absolve the owner of liability for the thief's actions. Id. at 774-75.

In Liney, the Pennsylvania Supreme Court limited Anderson's holding. Repair garage employees left a customer's car on the street outside the garage, double-parked with the keys in the ignition. The car was stolen and the thief hit a pedestrian. The garage was located in a neighborhood with a high rate of automobile theft. Nonetheless, the trial court's dismissal of the action against the garage was affirmed by the Supreme Court. Liney, 218 A.2d at 337.

"Assuming that the defendant's employees were negligent in permitting the automobile to remain outside in the street under the circumstances described, it is clear that the defendant could not have anticipated and foreseen that this carelessness of its employees would result in the harm the plaintiff suffered." Id. "[T]he thief's careless operation of the automobile was a superseding cause of the injury suffered, and defendant's negligence, if such existed, only a remote cause thereof upon which no action would lie." Id. at 338.

Explaining why Anderson did not control, Liney limited Anderson's holding to circumstances where the defendant was on notice that: A) the automobile was likely to be stolen;

and B) the thief was likely to be an incompetent driver. Id. at 338. <u>Liney</u>'s holding has since been extended to apply to claims against other employers for torts caused by drivers of cars stolen as a result of employee negligence. See <u>Matos v. Rivera</u>, 648 A.2d. 337, 340 (Pa. Super. 1994).

Assuming the government employee was negligent in parking the government car with the keys in the ignition and the doors unlocked, the facts alleged by plaintiffs do not reasonably suggest that the United States was on notice that the vehicle negligently parked by the government employee was likely to be stolen by an incompetent. As in <u>Liney</u>, on the facts plead, defendant owed no duty to the plaintiffs; the thief's operation of the car was a superseding cause of plaintiffs' injuries. Plaintiffs' FTCA complaint against HHS will be dismissed[4], with leave to file an amended complaint if they can do so consistent with the Federal Rules of Civil Procedure.

An appropriate order follows.

---

[4] HHS was not a proper defendant to this suit. The FTCA only authorizes suit against the United States directly, and not against federal agencies in their own name. 28 U.S.C. § 2679(a). The caption will be amended accordingly.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARKEY MILLS and** | : | **CIVIL ACTION** |
| **KATRINA MILLS** | : | |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES DEPARTMENT OF** | : | |
| **HEALTH AND HUMAN SERVICES and** | : | |
| **MARQUELLE MIDDLETON** | : | **08-3409** |

ORDER

AND NOW, this 9th day of December, 2008, it is **ORDERED**:

1. The clerk is directed to amend the caption as follows:

| | | |
|---|---|---|
| **MARKEY MILLS and** | : | **CIVIL ACTION** |
| **KATRINA MILLS** | : | |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES** | : | **08-3409** |

2. Defendant Marquelle Middleton is **DISMISSED** for lack of jurisdiction.

3. Defendant United States' Motion to Dismiss under Fed. R. Civ. Pro. 12(b)(6) is **GRANTED**.

4. Plaintiffs have leave to file an amended complaint within ten (10) days.

_____ S.J.